**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ASHFORD T. BOYLAND,                                                                           PLAINTIFF
ADC #100868

v.                                          2:12-cv-00006-SWW-JJV

JARED BYERS; *et al.*                                                                          DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Partial Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe and the parties' objections. After carefully considering the objections and making a de novo review of the record, the Court declines to adopt the findings and recommendation as to plaintiff's claim against Defendant Cody.

Plaintiff was in punitive isolation when Nurse King filed a disciplinary charge against him.. When Defendant Cody served plaintiff with a copy of the charges, plaintiff allegedly requested that an officer who was with King at the time of the incident be listed as a witness. Plaintiff complains that Cody did not obtain a witness statement from the officer and that Defendant Ester, who conducted the disciplinary hearing, failed to honor plaintiff's request to call the officer. Defendant Ester found plaintiff guilty as charged and sentenced him to thirty days punitive segregation. Am.. Comp. at ¶ 20. Plaintiff complains defendants violated his right to due process by failing to call the witness he requested.

The Due Process Clause does not protect prisoners from every adverse change in their confinement and the Magistrate Judge found that thirty days of punitive isolation is not an "atypical and significant hardship" resulting from his disciplinary conviction that would entitled plaintiff to due process.  *See  Phillips v. Norris*, 320 F.3d 844, 847(8th Cir. 2003)("demotion to segregation, even without cause, is not itself an atypical and significant hardship"). Even assuming plaintiff has

a liberty interest in good time credit, plaintiff makes no allegation that he lost any good time credit. The Magistrate Judge presumed that plaintiff lost the opportunity to earn good time as a result of his sentence to punitive segregation. Doc. 24 at 5. However, the Court finds restriction of an inmate's ability to earn good time as a result of a disciplinary sanction is "a typical and not unexpected occurrence in the prison environment." *Franklin v. Hobbs*, 2011 WL 2160592 at *6 (E.D.Ark. May 5, 2011). *See also Oliva-Ayala v. Hobbs*, 2012 WL 4888469 at *3 (E.D.Ark. Sept. 6, 2012)("adjustments in classification status, placement in punitive isolation for relatively short intervals, and the temporary suspension of privileges, do not constitute the type of 'atypical and significant' hardships that would trigger the protection of the Due Process Clause").

For the reasons for dismissal stated in the Proposed Findings and Recommended Disposition and for the reasons stated above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED. Plaintiff's complaint is dismissed. This dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

SO ORDERED this 4th day of December, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE